**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JANICE SCHROEDER**,

    Plaintiff,

vs.                                             **Case No: 8:05-CV-1556-T-17EAJ**

**ARBOR TREE MANAGEMENT, INC.,
d/b/a COAST CADILLAC**,

    Defendant.

_____/

**ORDER**

Before the court are Plaintiff's **Motion to Compel Answers to Plaintiff's Request for Production of Documents** (Dkt. 18), filed February 23, 2006, and Defendant's **Response** (Dkt. 20), filed on March 7, 2006.[1] Plaintiff, an ex-employee of Defendant, brings claims of gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. (Dkt. 16). Plaintiff also asserts that Defendant discharged Plaintiff because of her opposition to and reporting of illegal activity by Defendant: the alleged misrepresentation of insurance products sold by Defendant in violation of the Florida Whistleblower's Act. (Dkt. 16 at 4).

In her motion to compel, Plaintiff presents three requests for production which she asserts were inadequately answered by Defendant. First, Plaintiff requests production of "all original dealer agreements between the above named dealerships and dealer group and Universal Underwriters for Credit Life/Disability, Extended Service Agreements and GAP Waiver Agreements and any original addendums to each agreement including the specific commission structure for each product." (Dkt.

---

[1] Defendant filed an initial response on March 6, 2006, which was not signed by Defendant's counsel (Dkt. 19). Defendant subsequently filed a signed response (Dkt. 20), which is the response now properly before the undersigned.

18 at 1). Defendant responded with this objection:

> This Defendant, like any other party to litigation in Florida, has a substantive legal right not to be subjected to financial worth discovery. Fla. Stat. 768.72 (2003); Globe Newspaper Co. v. King, 658 So.2d 518 (Fla. 1995). As is known by the plaintiff, herself an F&I manager for the Defendant for several years who is now employed by another automotive dealership which draws its customers from the same region of Florida, the agreements between the Defendant dealership and its F&I vendors contain confidential and proprietary product cost and profits information which is confidential information as to both the Defendant dealership and the vendors, and are well beyond the scope of the issues raised in the pleadings of this case. As phrased, this request appears to be a veiled attempt to learn confidential financial information about the Defendant dealership and others in violation of the Defendant's substantive right against financial worth discovery. Further, the Court's Protective Order as to Confidential Information entered herein will not adequately protect the Defendant against the potential for harassment and economic harm should it be required to produce such agreements.

(Dkt.19, Attachment 3 at 11-12).

The second request for production that Plaintiff raises in her motion seeks "all updates to the contracts and addendum updates to each of the above agreement and commission updates." (Dkt. 18 at 2). Defendant objects to this request for production with identical language as the objection quoted above. (Dkt. 19, Attachment 3 at 12).

Plaintiff argues that she must review the agreements between Defendant (and other dealerships in the "dealer group") and Universal Underwriters, Defendant's provider, for certain financial and insurance products such as extended warranties in order "to ascertain whether Defendant was willing to engage in the alleged unlawful activity." (Dkt. 18 at 2). Plaintiff contends in a conclusory fashion that Defendant's economic motivation for selling the products covered by these agreements makes the agreements discoverable because Plaintiff was terminated for opposing the sale of these products. (Id. at 3).

Defendant maintains that the agreements at issue are not relevant to Plaintiff's employment

discrimination claim, that they consist of confidential commercial information, that increasing profitability is not an illegal activity, that Defendant has a legal right to not be subject to financial worth discovery absent a determination that there is a reasonable evidentiary basis for the recovery of punitive damages, and that Plaintiff now works for a direct competitor of Defendant's, therefore disclosing the agreements under the Protective Order previously entered in the case would not protect Defendant. (Dkt. 19 at 5-9).

Once a relevancy objection has been made, the party seeking discovery must demonstrate that the request is within the scope of discovery. Andritz Sprout-Bauer, Inc. v. Beazer East, Inc., 174 F.R.D. 609, 631 (M.D. Pa. 1997). Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Rule 26(b)(1) was amended in 2000 to encourage the parties and the court to focus "on the actual claims and defenses involved in the action." Rule 26, Fed. R. Civ. P., Advisory Committee Note. The rule change signaled to the court that "it has the authority to confine discovery to the claims and defenses asserted in the pleadings . . ." Id.

In her very abbreviated argument, Plaintiff does not indicate how agreements between Defendant and Defendant's supplier of insurance products are relevant to the claims or defenses asserted in her claim of employment discrimination or her claim under the Florida Whistleblower's Act. The agreements between Defendant and its supplier of insurance products are not facially relevant to the claim that Defendant misrepresented insurance products in order to sell those products, and Plaintiff does not show that they are relevant in this case. Plaintiff also does not show that the agreements are related to any defense asserted by Defendant. The court is unconvinced by Plaintiff's conclusory statement that the agreements are relevant and, therefore, does not address the

other objections.

Finally, Plaintiff also seeks to compel a response to this request: "Please produce any side contract or consulting agreement that exists between the above named parties." Defendant objected to this request with the statement: "As phrased, this request is vague, in particular as to the terms 'side contracts' and 'consulting agreement' between the 'above named parties.' Without waiving said objection, as those terms are understood by this Defendant, None." (Dkt. 19, Attachment 3 at 12). In her motion to compel, Plaintiff does not discuss these terms or even address Defendant's objection of vagueness. The terms of this request for production do not adequately specify what contracts or agreements involving which parties that Plaintiff is seeking. Defendant's objection is therefore justified.

It is **ORDERED** and **ADJUDGED**:

(1) Plaintiff's **Motion to Compel Answers to Plaintiff's Request for Production of Documents** (Dkt. 18) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida this 13th day of March, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge