**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JANICE SCHROEDER,

        Plaintiff,        Case No. 8:05-cv-1556-T-17EAJ

vs

ARBOR TREE MANAGEMENT, INC.
D/B/A COAST CADILLAC,

        Defendant.

-------------------------------------------------/

## ORDER ON JURISDICTION

      This cause comes before this Court on Defendant's, Arbor Tree Management, Inc. D/B/A Coast Cadillac ("Coast Cadillac"), Motion for Summary Judgment and Supporting Memorandum of Law, filed June 19, 2006 (Docket No. 24), Plaintiff's, Janice Schroeder, Response to Defendant's Motion for Summary Judgment and Supporting Memorandum of Law, filed July 14, 2006 (Docket No. 31) and Plaintiff's Notice of Filing Depositions, filed July 14, 2006 (Docket No. 32).

      For the reasons outlined below, this action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### BACKGROUND

      On August 22, 2005, Plaintiff filed an amended complaint against the Defendant Coast Cadillac, which is the Plaintiff's former employer (Docket No. 16). The Plaintiff alleges gender discrimination and seeks declaratory, injunctive and equitable relief, including costs and attorneys fees under Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. 2000e, et seq.), the Florida Civil Rights Act, Section 761.10, Florida Statutes; and the Florida private-sector Whistle Blower Act, Section 448.101, et seq., Florida Statutes ( Docket No. 16). The Defendant denies each and every allegation made by the Plaintiff (Docket No. 17).

Plaintiff abandoned her federal gender discrimination claim under Title VII when Plaintiff responded to Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Docket No. 31, p.4).

## DISCUSSION

Supplemental jurisdiction permits the court to hear state claims in federal cases provided that the state law claims "form part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a)(2005).  Pursuant to U.S.C. § 1367©), a District Court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it had original jurisdiction."

Plaintiff abandoned her federal gender discrimination claim under Title VII when Plaintiff responded to Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Docket No. 31, p.4).  This Court accepts the Plaintiff's notice of mootness on the federal claim.  The only claims remaining are the alleged violations the Florida Civil Rights Act, Section 761.10, Florida Statutes; and the Florida private-sector Whistle Blower Act, Section 448.101, et seq., Florida Statutes ( Docket No. 16). In deciding whether to continue the exercise of supplemental jurisdiction over state claims after all federal claims have been dismissed, the district judge should "take into account concerns of judicial comity, judicial economy, convenience, fairness, and the like." *Crosby v. Paulk*, 187 F.3d 1339, 1351 (11th Cir. 1999) citing *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d. 249, 257 (1st Cir. 1996).  "When the balance of these factors indicates that a case properly belongs in state court, as when federal-law claims have dropped out of this lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1998) citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966).

We are still in the pre-trial stages of this action.  In addition, the "state courts, not federal courts, should be the final arbiters of state law."  *Baggett v. First Nat. Bank of Gainsville*, 117 F.3d 1342, 1352 (11th Cir. 1997) citing *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992).  The remaining state law action under the Florida Civil Rights Act and the Florida private-sector Whistle Blower Act are best resolved by the Florida Courts since they

depend on determinations of state law.  Therefore, taking into account concerns of judicial comity, judicial economy, fairness, and convenience, we decline to exercise supplemental jurisdiction over the state law claims.

In accordance with 28 U.S.C. § 1367(d), if there is a statute of limitations that would otherwise bar the plaintiff's state claim, it should be tolled for at least thirty (30) days so the plaintiff can bring the action in state court.  Accordingly, it is

**ORDERED** that the action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and the statute of limitations is tolled for thirty days so the action can be brought in state court if the plaintiff so elects.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on the 19th day of October, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.